**WASHINGTON CONCRETE SALES CORPORATION, INC., a Corporation, Appellant,**

v.

**Arthur E. MORRISSETTE et al., Appellees.**

**Ronald L. WALUTES, Trustee of the Estate of the Alexandria Iron Works, Inc., a Bankrupt, Appellant,**

v.

**Arthur E. MORRISSETTE et al., Appellees.**

**Nos. 19872, 19873.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 8, 1966.

Decided Dec. 1, 1966.

Petition for Rehearing En Banc Denied Jan. 18, 1967.

Mr. Paul Lee Sweeny, Washington, D. C., for appellant in No. 19872.

Mr. Donald S. Caruthers, Jr., Washington, D. C., of the bar of the Supreme Court of Virginia, pro hac vice, by special leave of court, for appellant in No. 19873. Mr. Donald S. Caruthers, Washington, D. C., was on the brief for appellant in No. 19873.

Mr. Kahl K. Spriggs, Washington, D. C., with whom Mr. John F. Myers and Mr. Milton M. Burke, Washington, D. C., were on the brief, for appellees.

Before PRETTYMAN, Senior Circuit Judge, EDWARDS, Circuit Judge of the United States Court of Appeals for the Sixth Circuit,* and LEVENTHAL, Circuit Judge.

PRETTYMAN, Senior Circuit Judge:

These are civil actions by subcontractors to enforce mechanics' liens. Owners (named Morrissette) of a plot of ground entered into a contract with a general contractor (Master Guild, Inc.) for the erection of an office and warehouse. The agreed price was $129,000. Of this amount $100,000 was to be borrowed from the Perpetual Building and Loan Association. Of the remainder $12,900 was paid in cash when the work began and $16,100 was to be evidenced by a note, secured by a second trust, to be delivered and to begin to be due when the work was completed. The lender (Perpetual) was given authority to fix the mode of payment. Since its loan was to represent 77 per cent of the total cost, it it chose to pay 77 per cent on account of each progress report certified by the architect, thus leaving 23 per cent of each such report to be charged against the cash down payment and the note due to be delivered at a later date. The work began in December, 1954. Subcontractors, including our appellants, deliver-

* Sitting by designation pursuant to Section 291(a), Title 28, U.S.Code.

ed material and equipment, which was put into the building operation. Progress requisitions were duly certified by the architect, and 77 per cent of the amounts shown were paid by Perpetual. Thus for ten requisitions. An eleventh was certified, but no payment was made on it. Difficulties had developed. The owners heard the general contractor was not paying the subcontractors. Meetings of creditors were held. On July 18, 1955, the architect advised the owners to terminate the contract. On July 21, 1955, acting under a provision of the contract, they did so. On August 16, 1955, and September 15, 1955, our appellant subcontractors filed and perfected mechanics' liens for the amounts due them. In due course they filed these actions to enforce the liens.

The District of Columbia statute[1] provides that subcontractors may, by means of mechanics' liens, collect against the property any amounts due by the owner to the general contractor; but, if the owner owes the general contractor nothing, the subcontractors can collect nothing.

The District Court referred the matter to the Auditor for a statement of the account. He held hearings and made findings. He concluded that at the time these subcontractors perfected their liens the owners owed the general contractor nothing. Exceptions to the report were filed and came on for consideration by District Judge Youngdahl. He held a hearing, received in evidence the transcript of the proceedings before the Auditor, rejected some of the Auditor's findings, and furthered the case for trial. Judge Youngdahl was careful in pointing out explicitly in his order that upon the trial the parties, *inter alia*, could introduce evidence on the points covered by the findings rejected by him.

The case came on for trial before District Judge Corcoran. The parties decided not to introduce evidence but rested upon the record made before the Auditor. Judge Corcoran concluded, as had the Auditor, that at the time the subcontractors perfected their liens the owners owed the general contractor nothing. We find no error affecting substantial rights of the parties. The judgment will be affirmed.

■ Appellants say that on the critical dates the owners did owe the general contractor substantial sums, and point to the payment of only 77 per cent of the ten requisitions and nothing on the eleventh. But in so arguing the appellants omit consideration of the cash down payment and of the note; these items total 23 per cent of the total contract price and must be considered as payments already made to the general contractor, or at least as negating further obligations of the owner in those amounts. Appellants argue that the Auditor and also the District Court erroneously failed to admit and to consider evidence of the owners' breach of contract, allegedly the failure to pay the 23 per cent of the ten requisitions plus the full amount of the eleventh requisition. But, since the owners did not owe these amounts, they did not breach the contract by failing to pay them.

■ Appellants also contend that the owners violated Section 38–107 of the D. C.Code, in that, after demand had been made, they failed to advise the subcontractors as to the terms of the contract, the status of the payments, etc. The Auditor found that the owners failed to give the requisite information, but Judge Youngdahl set that finding aside. Judge Corcoran held that the record before him (which was the record before the Auditor, no further evidence being offered) as to the relationship of the parties, the meetings held, and the matters discussed did not support the allegations of the lien claimants in respect to the notice. He said that the record before him required that finding.

■ Appellants present a contention based upon a clause in the contract which provides that, if the contract is terminated by reason of a fault of the con-

1. D.C.Code § 38–104 (1961 ed.).

**140**

tractor and the owners complete the work, the contractor is entitled to any amounts by which the contract price exceeds the actual costs. They say that in this case the total cost to the owner was less than the contract price, or that at least Judge Corcoran did not consider the evidence on the point. But the plain facts are that the Auditor received ample evidence and made a detailed finding in respect to the matter, that Judge Youngdahl adopted the Auditor's finding, and that Judge Corcoran made an unequivocal finding on the point, saying: " * * * Morrissette completed the building through others at a cost in excess of the original contract price." The latter finding has substantial support in the record as a whole, and there is an end to the matter so far as an appellate court is concerned.

One appellant presents nineteen points and the other presents sixteen, but they are all encompassed within the contentions we have mentioned. As we have said, we find no error.

Affirmed.